UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MICHAEL ARNONE,

                          Plaintiff,

                                                    **ORDER**

          -against-

                                                    07 cv 62 (RJD)
MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.
-----------------------------------------------------------------X

DEARIE, Chief Judge.


          Pursuant to 42 U.S.C. § 405(g), Michael Arnone, an honorably discharged veteran,

appeals the Commissioner of Social Security's final decision, denying him benefits under the

Social Security Act ("SSA") for alleged disabilities including Post Traumatic Stress Disorder,

depression, hearing loss and service-related hand injuries.  The parties move for judgment on the

pleadings pursuant to Fed. R. Civ. P. 12(c).

          As this Court indicated to counsel after hearing oral argument on the pending motions,

this matter is hereby remanded for further development of the record by the Administrative Law

Judge ("ALJ").  See Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000) (where evidence of record

is incomplete, remand for rehearing is the appropriate course) (quoting Balsamo v. Charter, 142

F.3d 75, 82 (2d Cir. 1998).  In particular, the ALJ should make an effort to develop the record as

to Mr. Arnone's treating physician, Dr. Rosenbloom, consistent with the law of this circuit. See,

e.g., Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999) ("where there are deficiencies in the

record, the ALJ is under an affirmative obligation to develop a claimant's medical history");

Byam v. Barnhart, 336 F.3d 172, 183 (2d Cir. 2003) ("while a treating physician's retrospective diagnosis is not conclusive, it is entitled to controlling weight unless it is contradicted by other medical evidence or 'overwhelmingly compelling' non-medical evidence"). The ALJ may also consider the relevance, if any, of the submissions by Kerri-Ann Ventouras to the Appeals Council, concerning her interactions with Mr. Arnone as a "family relative" and therapist. (See Tr. 114-128.)

SO ORDERED.


Dated: Brooklyn, New York
       December *16*, 2008


                                    s/ Judge Raymond J. Dearie
                                    _____
                                    RAYMOND J. DEARIE
                                    United States District Judge

2