UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL J. ARNONE,

               Plaintiff,

- against --

MICHAEL J. ASTRUE, Commissioner
of Social Security,

               Defendant.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

07 CV 62 (RJD) (RML)

DEARIE, Chief Judge.

The Commissioner of Social Security ("Commissioner") objects to Magistrate Judge Levy's Report and Recommendation ("R&R"), dated December 21, 2009, awarding claimant $14,447.27 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The relevant history appears in the R&R. (See Dkt. #47 at 1-2.) Having considered the Commissioner's timely objections, the Court adopts Judge Levy's conclusion that the Commissioner's position on appeal was not substantially justified, but reduces the fee award to $12,315.66.

## Discussion

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2). In so doing, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[T]he statutory language of section 636(b)(1) affords the district court broad latitude in considering the magistrate's recommendation." Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989); see also United States v. Raddatz, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' . . . Congress intended to permit

whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.") If a party makes "only conclusory or general objections, or simply reiterates his original arguments," the Court may review the R&R "for clear error." McAllan v. Von Essen, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (internal quotation marks omitted).

## Whether the Commissioner's position was substantially justified

The EAJA mandates that attorney fees be awarded a party who prevails against the United States in "proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (defining "substantially justified" as "justified in substance or in the main").

On March 23, 2006, the Administrative Law Judge ("ALJ") below denied claimant disability insurance benefits for lack of evidence that claimant's onset of disability preceded his date last insured.[1] After claimant appealed that decision, on December 16, 2008, this Court remanded the case for further development of the administrative record. Specifically, the Court directed the ALJ to "make an effort to develop the record as to [claimant's] treating physician, Dr. Rosenbloom." (Order, Dkt. #32, at 1.) Judge Levy thus framed the issue as whether the Commissioner, and by extension the ALJ, was substantially justified in viewing the administrative record below as complete. The Commissioner adopts this characterization.

---

[1] Claimant suffers from depression and post-traumatic stress disorder due to his service in Vietnam. The Social Security Administration found claimant disabled as of July 1, 2004. Claimant's date last insured was December 31, 1998.

2

The Commissioner concedes that "[t]he administrative transcript contains no evidence from the relevant period." (Objections to R&R, Dkt. #48, at 3) Nonetheless, the Commissioner argues that the ALJ was justified in viewing the record below as complete, a position the Court finds puzzling. Although "[a] treating physician's statement that the claimant is disabled cannot itself be determinative," Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999), a treating physician's diagnosis informs the determination, to say the least. As Judge Levy correctly notes, even a retrospective diagnosis – like the one at issue here – may be dispositive unless refuted by other relevant evidence. Despite this simple and established legal principle, the ALJ found "no evidence" that claimant was disabled prior to his date last insured because "none of the physicians examined the claimant or had any treatment relationship with the claimant during the time period at issue." (ALJ Decision, Dkt. #8, at 4.)

The ALJ did not, as the Commissioner suggests, "reasonably discount[]" Dr. Rosenbloom's diagnosis in light of potentially contrary evidence. (Objections at 4.) Rather, the ALJ simply ignored Dr. Rosenbloom's retrospective diagnosis before holding that the resulting evidentiary vacuum negated "the existence of medically determinable impairment." (ALJ Decision at 4.) The Court adopts Judge Levy's conclusion that, absent any analysis of Dr. Rosenbloom's retrospective diagnosis, the record is "patently incomplete." (R&R at 4.) Accordingly, the Commissioner's endorsement on appeal of the ALJ's failure to follow controlling law cannot be substantially justified.

## Whether the fee award is excessive

Claimant's counsel requests reimbursement for a total of 99.4 hours of work performed on this matter by her and a supervisor. Counsel does not seek reimbursement for expenses or for certain time spent that was not appropriately documented. On her own accord, moreover,

counsel has reduced by 30% the fees sought. After carefully reviewing all submissions and supporting documentation, Judge Levy concluded that the "case presented no novel or complex issues of fact or law" and that "some of the time entries reflect redundancies or inefficiencies." (R&R at 7.) Therefore, Judge Levy reduced counsel's (but not her supervisor's) hours by 20% and awarded claimant $14,447.27 in attorney fees, representing 81.62 hours worked at the proposed $177 hourly rate. (Id.)

The Commissioner objects to the recommended amount, and concludes instead that the Court should "award no more than $5,000.00." (Objections at 8.) Although the Court rejects the Commissioner's proposed three-fifths reduction, the Court is indeed mindful that this was counsel's first matter litigated in federal court. See NYS Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 n.5 (2d Cir. 1983) (noting that "background research performed by plaintiffs' attorneys" to raise the "attorneys to a level of competence shared by many experienced practitioners within an established field of specialization . . . may well not be compensable").

Therefore, Court adopts Judge Levy's legal analysis and characterization of the records submitted by counsel, but reduces the number of all reimbursable hours by 30%, to 69.58, resulting in a fee award of $12,315.66. See, e.g., Rivera v. Commissioner, 2009 WL 1924772, at *2 (E.D.N.Y. 2009) (awarding $12,371.60 in attorney fees, representing "76.1 hours of work performed by two attorneys" in a "non-routine" case).

SO ORDERED.

Dated: Brooklyn, New York
February __, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

4